UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KAWIKA AUSTIN-NIPP AND SUMMER NIPP by and through their maternal grandfather, Terald A. Austin<br><br>Petitioners,<br><br>v.<br><br>STATE OF WASHINGTON *et al.*,<br><br>Respondents. | Case No.  C05-5132FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 1st, 2005** |

This Habeas Corpus Action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner's maternal grandfather has filed this petition to contest state child custody decisions regarding the two named petitioner's. Both petitioner's are minor children. (Dkt. # 1). Having reviewed the petition the undersigned recommends dismissal of this petition on jurisdictional grounds prior to service of the petition.

FACTUAL BACKGROUND

Petitioners are in a foster home pursuant to a Washington state court order. (Dkt. # 1). Mr. Austin, the petitioner's grandfather, seeks to challenge the authority of the state court to place the children and claims the children are covered under the Indian Child Welfare Act.

REPORT AND RECOMMENDATION
Page - 1

1    The United States Supreme Court has held that habeas corpus jurisdiction under 28 U.S.C. § 2254 does not extend to state court decisions regarding child custody proceedings. <u>Lehman v. Lycoming County Children's Services Agency</u>, 458 U.S. 502 (1982). For over twenty years the courts have consistently held that a child in foster care is not in custody for purposes of habeas relief. Given this precedent this petition should be **DISMISSED** prior to service.

The court does not address Mr. Austin's lack of standing to bring this petition given the clear precedent that the court lacks jurisdiction over the subject matter of the action.

## CONCLUSION

Based on the foregoing discussion, the Court should **DISMISS** this petition on jurisdictional grounds. A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 1st, 2005**, as noted in the caption.

Dated this 3rd day of March, 2005.

/S/ *Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2